# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-061V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ARTHUR BINKOWITZ,                   *       Special Master Corcoran
                                    *
                                    *       Filed: February 14, 2019
                Petitioner,         *
        v.                          *       Attorney's Fees and Costs;
                                    *       Dismissal of Petition; Reasonable
SECRETARY OF HEALTH                 *       Basis
AND HUMAN SERVICES,                 *
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard S. Gold*, Gold Law Firm, Wellesley Hills, MA, for Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On January 13, 2017, Arthur Binkowitz filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the influenza ("flu") vaccine he received on January 14, 2014, caused him to suffer a significant aggravation of a pre-existing neuropathy. *See* Petition ("Pet.") (ECF No. 1) at 1. After Petitioner obtained an expert's review of his case that suggested difficulties with the claim, and also given personal limitations

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

that made it difficult for him to participate in the litigation, he voluntarily requested dismissal, and I issued a decision to that end on May 4, 2018 (ECF No. 23).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated December 1, 2018 (ECF No. 27) ("Mot."). In it, he requests an award of $16,797.13, reflecting the work of attorney Howard Gold, Esq., on this matter from December 2016 until the filing of the dismissal request. *Id.* at. 7-10. Mr. Gold has billed his time at $370 per hour for 2016 work, $380 per hour for 2017 work, and $390 per hour for 2018 work. *Id.* Time spent travelling to meet with Petitioner personally was billed at the half rate customary in the Vaccine Program. *Id.* at 7. Mr. Gold also employed a paralegal at the rate of $125 per hour (and any such work performed by Mr. Gold himself was also billed at this same rate). *Id.* The aforementioned total sum also includes costs of $487.13 (reflecting copying, records reproduction, and the costs of filing the case). *Id.* at 11-17.[3]

Respondent reacted to the present fees request on December 11, 2018. *See* Response, dated Dec. 11, 2018 (ECF No. 28). He deferred to me to determine "whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case," as well as the calculation of a reasonable award. *Id.* at 2-3.

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. Rather, such a claim must possess "reasonable basis" – meaning that it had some amount of objective basis upon which to proceed, in light of the "totality of the circumstances. *See, e.g., Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

Here, I find Petitioner's claim had sufficient objective basis to entitle him to a fee award under the applicable reasonable basis analyses. Claims that the flu vaccine can cause a peripheral neuropathy are common enough in the Program (and successful enough) to have at least superficial credibility – although that is of course not the standard for reasonable basis. However, in this case, even though the claim was unsuccessful, it was based on evidence of some injury that resembled a neuropathic condition. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human*

---

[3] Petitioner's motion also includes the representation, pursuant to General Order No. 9, that he did not personally incur any costs in the prosecution of the claim. Mot. at 2. Petitioner has not asked for reimbursement of any expert costs, although his counsel did consult with an expert prior to seeking the claim's dismissal.

*Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

In this case, Petitioner requests fees for Mr. Gold for work performed from 2016-2018, with the requested base rate of $370 per hour increased by $10 each relevant year. Mot. at 7-10. The hourly rate is reasonable based on prior determinations involving Mr. Gold, who unquestionably is entitled to a forum rate. *See, e.g.*, *Pinelli v. Sec'y of Health & Human Servs.*, No. 17-704V, 2018 WL 6930457, at *1-2 (Fed. Cl. Spec. Mstr. Dec. 7, 2018); *Gentry v. Sec'y of Health & Human Servs.*, No. 16-1108V, 2018 WL 2805457 (Fed. Cl. Spec. Mstr. May 11, 2018); *Zamora v. Sec'y of Health & Human Servs.*, No. 16-567V, 2018 WL 1310485 (Fed. Cl. Spec. Mstr. Feb. 13, 2018). The rates (for Mr. Gold as well as his paralegal time) are also consistent with the Office of Special Masters Guidelines.[4] They will therefore be awarded as requested. I also find that the work performed on the matter was reasonable, even in light of the claim's dismissal. Accordingly, all time requested shall be awarded in full, without adjustment. Finally, the requested costs are also reasonable and shall similarly be awarded.

## CONCLUSION

I hereby GRANT Petitioner's motion for attorney's fees and costs. An award of **$16,797.13** shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Howard S. Gold, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Feb. 14, 2019).